# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CARL BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>TONIA DORIS ROZMARYNOSKI and COLIN FRUEHBORDT,[1]<br><br>Defendants. | Case No. 26-CV-113-JPS<br><br>**ORDER** |

Plaintiff Carl Barrett, an inmate confined at Green Bay Correctional Institute ("GBCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order screens Plaintiff's complaint and resolves his motion for leave to proceed without prepaying the filing fee, motions for a hearing and a preliminary injunction, motion to clarify, motion for reconsideration, motions for an extension of time, and motion to take notice.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.*

[1]The Court notes that Plaintiff does not explicitly name Colin Fruehbordt as a defendant and instead listed "Tonia Doris Rozmarynoski et. al." Typically, the Court does not include defendants who are not explicitly named. However, the Court does so here given Plaintiff's indication to include other defendants. along with the fact with Fruehbordt is directly tied to the allegations proceeding against Rozmarynoski.

§ 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 20, 2026, the Court ordered Plaintiff to pay an initial partial filing fee of $0.00. ECF No. 17. On June 15, 2026, Plaintiff filed a notice of intent to proceed. ECF No. 19. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order. The Court will accordingly deny as moot Plaintiff's motion to clarify, motion for reconsideration, and motions for an extension of time. ECF Nos. 9, 11, 14, 18.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that Defendant Tonia Rozmarynoski ("Rozmarynoski") used excessive force on him on August 30, 2023. ECF No. 1 at 2. Rozmarynoski decided to suit up on Plaintiff. *Id.* Plaintiff had previously been allowed to do a modified kneel to receive his meals due to his medical condition. *Id.*at 3. Restricted Housing Unit ("RHU") staff is aware that Plaintiff has an injured knee with rodding in his leg. Plaintiff was provided a no-kneel restriction because of this injury for his protection. *Id.* at 4. Security staff will go to HSU and have them remove the no-kneel restriction as a form of punishment to harm Plaintiff. *Id.*

On August 30, 2023, Rozmarynoski allowed her team leader, Defendant Colin Fruehbordt ("Fruehbordt"), to instruct Plaintiff how he wanted Plaintiff to knee. *Id.* Fruehbordt was aware of Plaintiff's prior injury, and Plaintiff showed him that his knee was swollen. *Id.* Plaintiff did not refuse to come out of his cell and was not acting in any aggressive

manner. *Id.* Plaintiff complied with the order by doing his modified kneel after he was taken to the strip cage. *Id.* at 4–5. Plaintiff again did a modified kneel when leaving the strip cage. *Id.*at 5. However, once Plaintiff arrived at cell 205, Rozmarynoski told Fruehbordt not to allow Plaintiff to do a modified kneel and instead to fully kneel. *Id.* Plaintiff's knee was visibly swollen, and he reminded them of his knee injury. *Id.* Plaintiff was already handcuffed behind his back and had leg shackles on; Plaintiff was not acting aggressively. *Id.* Rozmarynoski whispered something to Fruehbordt, who stated that he was not a doctor. *Id.* at 6. Plaintiff believes Rozmarynoski then gave the command to slam Plaintiff to the ground even though he was not resisting. *Id.* Plaintiff was tasered on his back and this caused further injury to his knee. *Id.*

After the assault, Plaintiff was not given or offered medical treatment. *Id.* Rozmarynoski walked off and stated, "I am not playing anymore games with him, he shouldn't have spit on me. I don't care about his knee." Plaintiff believes Rozmarynoski's actions were done in retaliation for Plaintiff spitting on her on August 3, 2023. *Id.* at 7. Plaintiff alleges many other acts against Rozmarynoski in support of a protective order. *Id.* Plaintiff generally alleges that Rozmarynoski has too much power and influence in GBCI. *Id.* Rozmarynoski has used her power to change Plaintiff's status. *Id.* at 8. Plaintiff includes a lengthy list of retaliatory actions Rozmarynoski did to him over the next few years, including interfering with his medical treatment, interfering with his property, having staff refuse to file his inmate complaints, using excessive force, instructing another staff member to sexually assault him, and restricting his access to the law library. *Id.* at 9–17.

### 2.3 Analysis

The Court will allow Plaintiff to proceed on an excessive force claim against Rozmarynoski and Fruehbordt. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount of force applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. This is true whether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Here, Plaintiff alleges that Rozmarynoski directed Fruehbordt to slam him to the ground when he was not resisting or being aggressive. Defendants did this with full knowledge of Plaintiff's knee injury and his need for modifications. Then Plaintiff was tased while not resisting. At the pleading stage, the Court finds Plaintiff's allegations sufficient to proceed on an Eighth Amendment claim against Rozmarynoski and Fruehbordt for excessive force.

Second, Plaintiff may proceed on a failure to intervene claim against Rozmarynoski and Fruehbordt. A prison official may be liable for the failure to intervene if he or she knew about a constitutional violation and had the ability to intervene, but failed to do so "with deliberate or reckless disregard for the plaintiff's constitutional rights." *Koutnik v. Brown*, 351 F.

Supp. 2d 871, 876 (W.D. Wis. 2004) (citing *Fillmore v. Page*, 358 F.3d 496, 505–06 (7th Cir. 2004)). Fruehbordt may have intervened by not following Rozmarynowski's orders in the first place; Rozmarynoski may have intervened to prevent the assault after Plaintiff was on the ground. At this early stage, the Court will allow Plaintiff to proceed on a failure to intervene claim against Rozmarynoski and Fruehbordt to further develop these facts.

Third, the Court finds that Plaintiff may not proceed on a First Amendment retaliation claim. To prevail on a retaliation claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, Plaintiff alleges that Rozmarynoski retaliated against him after Plaintiff spit on her. In determining whether a prisoner engaged in speech protected by the First Amendment, the issue is "whether the prisoner engaged in speech in a manner consistent with legitimate penological interests." *Watkins v. Kasper*, 599 F.3d 791, 795 (7th Cir. 2010). Certainly, Plaintiff spitting on a staff member is not consistent with legitimate penological interests. As such, Plaintiff did not engage in protected activity, and he therefore may not proceed on a First Amendment retaliation claim.

Finally, the Court does not find that Plaintiff states a claim for any other allegations. As identified above, Plaintiff identifies numerous serious actions that Rozmarynoski allegedly did to retaliate against Plaintiff. However, he does not provide key details, such as what dates these issues occurred or how Rozmarynoski personally participated in the alleged violations. In order to hold an individual defendant liable under § 1983 for a violation of an inmate's constitutional rights, the inmate must show that

the defendant was personally responsible for that violation. *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff's general assertions that Rozmarynoski interfered with his medical treatment or ordered staff to treat him poorly over a period of years does not provide sufficient detail to state a claim. Plaintiff provided 143 pages of exhibits along with his complaint. However, "this branch of the court has neither the time nor the resources to engage in what might be charitably described as an archeological dig or truffle hunt." *Sinthasomphone v. Ally Fin. Inc.,* No. 21-CV-863-JPS, 2022 WL 1486512, at *1 (E.D. Wis. May 11, 2022); *see also United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). As such, the Court finds that Plaintiff may not proceed on any additional claims based on his current allegations.

**3. PRELIMINARY RELIEF**

Next, the Court will deny Plaintiff's motion for a hearing and preliminary injunction, ECF No. 4, motions for a preliminary injunction and response, ECF Nos. 23, 24, and motion to take notice, ECF No. 25. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that: (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors,

the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of a court's authority to issue an injunction (including a TRO) is circumscribed by the PLRA. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Plaintiff fails to carry the burden of persuasion that the drastic remedy of a preliminary injunction is appropriate in this instance. Plaintiff believes Rozmarynoski and her staff physically assaulted and abused him and interfered with his medical treatment. ECF No. 20. He further alleges that GBCI staff are currently denying him all his liberties. ECF No. 23. While the Court can certainly understand that Plaintiff may feel he is being treated unfairly by prison officials, his submissions do not meet the high threshold required for the entry of preliminary injunctive relief. As discussed above, Plaintiff has not provided sufficient regarding these incidents. Plaintiff has not shown a likelihood of success on the merits of his case or that irreparable harm is likely to occur in the absence of Court intervention. *See D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016); *Winter*, 555 U.S. at 22 (a preliminary injunction requires a "clear showing that [the plaintiff] is

entitled to such relief"). As such, the Court is obliged to deny Plaintiff's motions for preliminary relief.

## 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment excessive force claim against Rozmarynoski and Fruehbordt.

**Claim Two:** Eighth Amendment failure to intervene claim against Rozmarynoski and Fruehbordt.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to clarify, motion for reconsideration, and motions for an extension of time, ECF Nos. 9, 11, 14, 18, be and the same are here by **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for a hearing and preliminary injunction, ECF No. 4, motion for a preliminary injunction, ECF No. 23, motion for a response, ECF No. 24, and motion to take notice, ECF No. 25, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court add Colin Fruehbordt as a Defendant on the docket;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Rozmarynoski and Fruehbordt**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned

that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.